IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| RICHARD ARMIJO and SOCORRO ARMIJO, | ) | CASE NO. 04-81142-G3-13 |
| Debtors, | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Application for Allowance and Payment of Attorneys Fees and Costs for Counsel for Debtor for the Time Period of 07/02/2004 through 04/30/2006" (Docket No. 46). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Richard Armijo and Socorro Armijo ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on July 2, 2004. William E. Heitkamp is the Chapter 13 Trustee.

On July 21, 2004, Pamela L. Stewart, counsel for Debtors, filed a "Disclosure of Compensation of Attorney for Debtor." The disclosure of compensation reflects that Stewart agreed to accept $2,050.00 for legal services, and that she

received $1,000.00 prior to the filing of the disclosure.  The disclosure reflects that in return for the disclosed fee, Stewart agreed "to render legal service for all aspects of the bankruptcy case, including:  a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; b.  Preparation of filing of any petition, schedules, statements of affairs and plan which may be required; c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof."  A paragraph of the disclosure contains a space for services not included in the fee.  No services are identified.  (Docket No. 5).

On May 18, 2006, Stewart filed the instant application, seeking allowance of $4,570.22 in fees, and $478.78 in expenses.

Stewart attached time records to the instant application.  The time records reflect that Stewart conducted an initial consultation, prepared the Chapter 13 petition, reviewed appraisal records as to Debtors' home and vehicles, filed the petition, gave notice to creditors, filed a response to a motion to dismiss (filed by the Chapter 13 Trustee because the Debtors failed to timely file schedules), assisted Debtors in preparing the schedules and a Chapter 13 plan, attended the meeting of creditors, reviewed 17 proofs of claim, responded to a second motion to dismiss (filed by the Chapter 13 Trustee because the

Debtors had failed to submit their 2003 federal income tax return and because the Chapter 13 Trustee objected to several of Debtors' budget items), amended the plan twice, provided proof of insurance to Debtors' vehicle lender, corresponded with creditors, and filed a post-confirmation motion to modify the plan. For these services, Stewart billed 19.5 hours, which she believes should be compensable at $235 per hour. Stewart also billed 5.5 hours of paralegal time, which she believes should be compensable at $85 per hour. (Docket No. 46).[1]

The court set a hearing on the instant fee application for August 24, 2006. On August 22, 2006, Stewart filed an amended disclosure of compensation. The language of the amended disclosure is identical to that of the initial disclosure, except that the amount now says an "estimated total" of $5,000. (Docket No. 58).

Stewart testified that her fee agreement with Debtors calls for her to receive an hourly fee. She testified that the instant case took additional time because of the need to communicate with a large number of creditors. She testified that she spends more time reviewing proofs of claim than other attorneys because she perceives an effort, on the part of purchasers of unsecured debt in the secondary market, to file

[1]The court notes that the billings total $5,050 in attorney fees. However, Stewart appears to have voluntarily reduced her fees to $4,570.22, in order to limit the total of fees and expenses to $5,000.

proofs of claim in cases in which Stewart believes they have no right of recovery. She testified that she reviews these proofs of claim in detail, even though her clients may not thereby obtain a benefit.

Stewart's time records reflect 4.3 hours of attorney time reviewing proofs of claim and notices of appearance in the case. (Docket No. 46). The claims register reflects that 31 proofs of claim were filed of which 18 were filed as wholly unsecured.

## Conclusions of Law

Section 330(a)(4)(B) of the Bankruptcy Code provides that, in a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor, and the other factors set forth in Section 330. 11 U.S.C. § 330(a)(4)(B). These other factors include the time and amount spent on such services, the rates charged for such services, whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case, whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensatino

is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases. 11 U.S.C. § 330(a)(3).

Section 329(a) of the Bankruptcy Code requires that any attorney representing a debtor file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

The disclosure requirements are imposed because, inter alia, there are instances in which debtors will not object to their attorney's fee applications because they may be in no position to make an objective judgment as to the value of the legal services involved, and may lack the inclination to object to whatever fee is requested. Halbert v. Yousif, 225 B.R. 336 (E.D. Mich. 1998).

In the instant case, Stewart spent 4.3 hours reviewing proofs of claim. There was little benefit to her clients from extensive review of the unsecured claims. The court concludes that, in the instant case, the attorney time should be reduced by 2.5 hours, in order to reflect the benefit to the Debtors of Stewart's review of proofs of claim in the instant case. The court concludes that the value of the services rendered by

Stewart in the instant case supports allowance of $4,462.50 in fees and $478.78 in expenses.[2]

With respect to the disclosure in compensation, the amended disclosure appears to cure the error in the initial disclosure. However, it is very important that attorney disclosures accurately reflect the fee agreements between counsel and their clients. If a pattern appears to develop in which initial disclosures of compensation filed by counsel in Chapter 13 cases do not fully and accurately reflect the fee agreements between debtors and their counsel, the court will be forced to reconsider the questions of whether such disclosures were adequate, and whether counsel thereby intended to mislead the court and their clients.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 8, 2007.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

[2]The court notes that this amount reflects a total reduction of $587.50 from the amount requested. However, because of the voluntary reduction by counsel, the amount is reduced only $107.72 from the fee requested in the instant case.